**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 22 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAOFENG ZHAO, | No.   16-73394 |
| Petitioner, | Agency No. A089-969-416 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 16, 2019**
Pasadena, California

Before: NGUYEN and MILLER, Circuit Judges, and VITALIANO,*** District
Judge.

Xiaofeng Zhao, a native and citizen of the People's Republic of China, seeks

review of the Board of Immigration Appeals' order dismissing his appeal from an

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eric N. Vitaliano, United States District Judge for the
Eastern District of New York, sitting by designation.

immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we review the Board's determination for substantial evidence. Under that standard, factual findings, including adverse credibility findings, are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

The Board gave several reasons for affirming the IJ's finding that Zhao's testimony was not credible. For example, the Board concluded that Zhao's testimony about the date of his hospital visit after he was released from detention for his participation in a Christian church conflicted with the hospital record that he provided. In response, Zhao suggested "maybe the hospital put the wrong date." The Board reasonably upheld the IJ's rejection of that explanation, and the record does not compel us to conclude to the contrary.

Similarly, the Board determined that Zhao's testimony, in conjunction with his documentary submissions in support of his asylum application, created an inconsistent timeline about a fine imposed for violating a family planning policy. When given an opportunity to explain the conflicting documents, Zhao stated, "I'm not sure. This was given by hospital. I didn't look at it." The Board identified no clear error in the IJ's decision that Zhao's explanation was not persuasive, and

2

again, the record does not compel a contrary conclusion.

The adverse credibility finding provided a sufficient basis for the rejection of all of Zhao's claims. *See Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014).

**PETITION DENIED.**